UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# 02 - 20934 CR-UNGARO-BENAGES

CASE NO. _____

18 U.S.C. § 1960
18 U.S.C. § 982(a)(1)
18 U.S.C. § 2

MAGISTRATE JUDGE
BROWN

UNITED STATES OF AMERICA

v.

LIBARDO FLOREZ-GOMEZ

_____ /

## INDICTMENT

The Grand Jury charges that:

## COUNT I

On or about October 22, 2002, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### LIBARDO FLOREZ-GOMEZ,

did knowingly conduct, control, and direct all or part of an unlicensed money transmitting business affecting interstate and foreign commerce in any manner or degree, which was operated without an appropriate money transmitting license in Florida, a State where such operation is punishable as a misdemeanor or a felony under State law, and failed to comply with the money transmitting business registration requirements under Section 5330 of Title 31, United States Code, and regulations prescribed under such section; in violation of Title 18, United States Code, Sections 1960 and 2.



**FORFEITURE**
(18 U.S.C. § 982(a)(1))

The allegations of Count I of this Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of 18 U.S.C. § 982(a)(1).

Upon conviction of any violation of 18 U.S.C. § 1960, defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), all property, real and personal, involved in such offense and any property traceable to such property. The property subject to forfeiture includes but is not limited to approximately €182,000 in euros and approximately $1,000 in U.S. currency recovered from the defendant on or about October 22, 2002.

If the property described above as being subject to forfeiture pursuant to the violation of 18 U.S.C. § 1960 as a result of any act or omission of the defendant,

     (i)     cannot be located upon the exercise of due diligence;

     (ii)    has been transferred or sold to, or deposited with a third party;

     (iii)   has been placed beyond the jurisdiction of the Court;

     (iv)   has been substantially diminished in value; or

     (v)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above or to seek the return of the property to the jurisdiction of the Court so that the property may be seized and forfeited.

2

All pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982.

A TRUE BILL

_____

FOREPERSON

_____

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____

JOHN C. SCHLESINGER
ASSISTANT UNITED STATES ATTORNEY

_____

SETH MILES
ASSISTANT UNITED STATES ATTORNEY

3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA** CR - UNGARO - BENAGES

UNITED STATES OF AMERICA 02 - 20934

v.

**CERTIFICATE OF TRIAL ATTORNEY***

LIBARDO FLOREZ-GOMEZ

MAGISTRATE JUDGE
BROWN

**Superseding Case Information:**

**Court Division:** (Select One)

| | | |
|---|---|---|
| X | Miami | ____ Key West |
| ____ | FTL | ____ WPB ____ FTP |

New Defendant(s)      Yes ____    No ____
Number of New Defendants    ____
Total number of counts    ____

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No) __Yes__
    List language and/or dialect    __Spanish__

4.  This case will take __3__ days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                                      (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | X ____ | Petty | ____ | |
| II | 6 to 10 days | ____ | Minor | ____ | |
| III | 11 to 20 days | ____ | Misdem. | ____ | |
| IV | 21 to 60 days | ____ | Felony | X ____ | |
| V | 61 days and over | ____ | | | |

6.  Has this case been previously filed in this District Court? (Yes or No) __No__
If yes:
Judge: _____     Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter? (Yes or No) __Yes__
If yes:
Magistrate Case No. __02-7308-PRP__
Related Miscellaneous numbers: _____
Defendant(s) in federal custody as of __October 21, 2002__
Defendant(s) in state custody as of _____
Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No) __No__

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No    If yes, was it pending in the Central Region? ___ Yes ___ No

8.  Did this case originate in the Narcotics Section, Miami? ___ Yes _x_ No

_____
JOHN SCHLESINGER
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 788716

*Penalty Sheet(s) attached                                      REV.6/27/00

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

02 - 20934 CR - UNGARO - BENAGES

PENALTY SHEET

**Defendant's Name: LIBARDO FLOREZ-GOMEZ**

MAGISTRATE JUDGE
BROWN

**Case No:**

**Count #: 1**

Title 18, United States Code, Section 1960

**\*Max. Penalty**:                5 years imprisonment

NO. 02 - 20934 UR-UNGARO-BENAGES

MAGISTRATE JUDGE
BROWN

# UNITED STATES DISTRICT COURT

SOUTHERN District of FLORIDA

CRIMINAL Division

## THE UNITED STATES OF AMERICA

vs.

## LIBARDO FLOREZ-GOMEZ

## INDICTMENT

IN VIOLATION OF: 18 U.S.C. § 1960
18 U.S.C. § 2

A true bill.

_____ Foreman

01-02 (MIA)

Filed in open court this _____ day,

of _____ N/D/ _____ A.D. 2002 _____

_____ Clerk

Bail. $ _____

FORM DBD-34
JUN. 85

# GRAND IURY INDICTMENT NO. 0201-MCN-123

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-7308-PRP

UNITED STATES OF AMERICA          )
                                  )
                                  )
                                  )
v.                                )
                                  )
                                  )
                                  )
LIBARDO FLOREZ-GOMEZ              )
_____ )

FILED by ___ D.C.
MAG. SEC.

NOV - 7 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF DETENTION REQUEST

The United States of America, by and through the undersigned Assistant United States Attorney, files this Memorandum of Law in support of the government's request for pre-trial detention in the above-captioned matter, and states the following.

The defendant Libardo Florez-Gomez is charged with being an unlicenced money transmitter, in violation of Title 18, United States Code, Section 1960. The government has requested that defendant be detained as a risk of flight. A detention hearing commenced on November 6, 2002, and is expected to be completed on November 7, 2002. This memorandum is intended to address the law and facts insofar as they bear on the issues before the court.

1. Factual background.

Defendant Libardo Florez-Gomez presented himself to the U.S. Customs Service on October 22, 2002 after entering Miami International Airport from Bogota, Colombia. Defendant declared that he was carrying currency in excess of $10,000, and he was referred to secondary inspection for a complete count and verification. Defendant then filled out a Customs Form 4790 declaring that he was carrying $182,000 in euros (approximately $179,000 U.S.).

During questioning in secondary inspection defendant admitted that the money was not his, and that he received it from people in Colombia, converted it from pesos to euros, and was now traveling to "Universal Cambios" in Miami to convert it from euros to dollars. From Miami, he stated that it would then be transmitted to various unknown bank accounts for transfer back to Colombia. He advised that he would make about $3,000 from the exchange rate for doing this, and that he provides this service regularly. Customs agents subsequently verified that defendant has made numerous similar entries into the United States from Colombia, bringing in a total of $2.8 million (U.S. equivalent) since 1993. In 2002 alone, he has entered the United States six times from Colombia, bringing approximately $814,000 in cash into the United States. On every occasion, it appears that defendant has declared the currency to Customs upon entry. Upon verifying that defendant was unlicenced as a money transmitter in the State of Florida, he was arrested by Customs agents.

Also found on defendant's person when he was arrested were a forfeiture order relating to a seizure of $100,000 by Drug Enforcement Administration agents in Miami during a July 3, 2002 vehicle stop. Defendant told the Customs agents at the airport that he had this document because he needed to check up on the money for an unidentified "friend" in Colombia. Subsequent investigation revealed that the document is fraudulent.

Defendant also had a document that appeared to be some sort of police or investigative report. That report described defendant by name as a major money launderer for a group designated as a terrorist organization by the United States Department of State. The report stated that defendant launders approximately $1.3 million monthly for the group, and uses a computer business in Colombia as a "front" to conceal this activity. Coincidentally, when arrested defendant told the Customs agents he has a computer business in Colombia. The intelligence report has been verified orally by a Colombian military source as accurate, and it is unknown at present how defendant obtained it.

Defendant has no ties to the United States, and his family and business are in Colombia. He entered the United States as a tourist on a B-2 tourist visa. The Pretrial Services Office has recommended that he be held in pretrial detention.

2. The Statutes.

Defendant is charged conjunctively with violating 18 U.S.C. §1960 by two different means: (1) by operating without an appropriate money transmitting licence in a state where such operation is punishable as a misdemeanor or a felony under state law, *whether or not the defendant knew that the operation was required to be licenced or that the operation was so punishable*[1]; and (2) by failing to comply with the money transmitting requirements under § 5330 of Title 31, United States Code, or regulations prescribed under such section. Either prong if proven would establish a violation of § 1960.

Under the first prong charged, 18 U.S.C. §1960(b)(1)(A), a defendant must fall under the state licencing requirement in order to be charged with a failure to register for a licence under the

---

[1] This italicized language is a part of the statute not set forth on the face of the complaint, but included in the charged violation. 18 U.S.C. §1960(b)(A).

statute. Florida Statutes §560.103(9) defines a funds transmitter as "a person who engages in the receipt of currency or payment instruments for the purpose of transmission by any means, including transmissions within this country or to or from locations outside this country, by wire, facsimile, electronic transfer, courier, or otherwise." Those who fit this definition must be licenced in the State of Florida under the statute, and a failure to do so is punishable as both a misdemeanor and as a felony. Florida Statutes §560.123(8)(a), (b). As a person transmitting currency from outside the country to Florida, the defendant must register and be licenced with the State of Florida.

Alternatively, under the second prong of the statute that is charged conjunctively in the complaint, the defendant is accused of "failing to comply with the money transmitting business registration requirements of section 5330 of Title 31, United States Code, or regulations prescribed under such section." Section 5330 defines "money transmitting business" as

> - any business other than the United States Postal Service which –
>
> (A) provides check cashing, currency exchange, or money transmitting or remittance services,[2] or issues or redeems money orders, traveler's checks, and other similar instruments or any other person who engages as a business in the transmission of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system;
>
> (B) is required to file reports under section 5313; and
>
> (C) is not a depository institution (as defined in section 5313(g).

_____

[2] "Money transmitting service" is included in this definition of money transmitting business, and is further defined in 31 U.S.C. §5330(d)(2) as including "accepting currency or funds denominated in the currency of any country and transmitting the currency or funds, or the value of the currency or funds, by any means through a financial agency or institution, a Federal reserve bank or other facility of the Board of Governors of the Federal Reserve System, or an electronic funds transfer network.

31 U.S.C. §5330 (d)(1). As the facts establish that defendant at a minimum "engaged as a business in an informal money transfer system," and defendant clearly is not a "depository institution," one must next examine whether he is required to file reports under section 5313 as set forth in 31 U.S.C. §5330(d)(1)(B).

Under 31 U.S.C. §5313(a), "domestic financial institutions" must file reports with the Secretary of the Treasury when involved in the transfer of currency. "Financial institution" is defined as

> a licenced sender of money or any other person who engages as a business in the transfer of funds, including any person who engages as a business in an informal money transfer system or any network of people who engage as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system.

31 U.S.C. §5313(a)(2)(R). This definition is then further modified by 31 U.S.C. §5313(b)(1), which states that "domestic financial institution" appl[ies] to an action in the United States of a financial agency or institution. Under this definition, then, if the defendant committed an "action" in the United States, he is a "domestic financial institution" under 31 U.S.C. §5313, and is subject to the reporting requirements of that statute.

3. Conclusion.

Under either of the alternative charges presented in the complaint, there is significant and reliable evidence from the complaint affidavit, the government's proffer, and the testimony of U.S. Customs Special Agent Norman Bright[3] to establish that the government's case against this defendant is substantial. The defendant faces a maximum penalty of five years imprisonment if convicted, and the government's good faith estimate of his sentencing guidelines if convicted only of his activities in 2002 ($814,000 total), is a level 22, or 41-51 months imprisonment. Moreover, defendant has no ties to the Southern District of Florida or to the United States of America. Under the circumstances, the government respectfully submits that pre-trial detention is the only condition that will reasonably assure his presence at trial.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY


By: _____
JOHN C. SCHLESINGER
ASSISTANT U.S. ATTORNEY
FL BAR #788716
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9024
(305) 530-7087 FAX

---

[3] At the time this memorandum was drafted the government had not yet had an opportunity to question its agent in response to the initial questioning by defense counsel.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was faxed this _7th_

day of November, 2002, to: Joaquin Perez, Esq., 6780 Coral Way, Miami, FL 33155.

JOHN C. SCHLESINGER
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-7308-PALERMO

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                    **ORDER OF DETENTION**

LIVARDO FLOREZ GOMEZ

Defendant.

_____

Pursuant to the Bail Reform Act, a detention hearing was held this date in accordance with 18 U.S.C. Section 3142(f).  At the conclusion of the evidentiary hearing, the findings of fact and conclusions of law required by the Act were dictated into the record.  It is thereupon

**ORDERED AND ADJUDGED** as follows:

1.  The Defendant   named above,   shall be detained pending trial,  risk of flight

in this case for the reasons stated on the record by the Court.

2.  A final Order of Detention memorializing the dictated findings and conclusions shall be entered forthwith.

**DONE AND ORDERED** in Miami, Florida this 7th day of NOVEMBER, 2002.

TAPE NO. 02D-85-1360

_____
STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 02-7308-PRP

UNITED STATES OF AMERICA )
)
v. )
)
LIBARDO FLOREZ-GOMEZ )
_____ )

FILED by _____ D.C.
MAG. SEC.

NOV 06 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## GOVERNMENT'S REQUEST FOR A STAY OF THE COURT'S ORDER

The United States of America hereby requests that the Court stay its ore tenus order of

November 6, 2002 dismissing the criminal complaint against Libardo Florez-Gomez.  In support of

its position, the United States relies upon Magistrate Judge Rule 1(d)(1) of the Rules of Court for

the Southern District of Florida.  The United States is filing a Notice of Appeal of the Magistrate

Judge's Order with the District Court by the end of the business day today, November 6, 2002.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____

JOHN SCHLESINGER
Assistant United States Attorney
Florida Bar No. 788716
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9024
Fax: (305) 530-7087

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by facsimile

this 6th day of November, 2002, to: Mr. Joaquin Perez, 6780 Coral Way, Miami, FL 33155.

_____

JOHN SCHLESINGER
Assistant United States Attorney



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 02-7308-PALERMO

UNITED STATES OF AMERICA,
     Plaintiff,

vs.

LIBARDO FLOREZ-GOMEZ,
     Defendant.
_____/

    **THIS CAUSE** came before the Court on the Unopposed Motion for Continuance of Preliminary Hearing from November 6, 2002 to November 20, 2002.

    It is **ORDERED AND ADJUDGED** that the Unopposed Motion for Continuance of Preliminary Hearing from November 6, 2002 to November 20, 2002 @ 10:00 a.m. is **GRANTED.**

    **DONE AND ORDERED** at Miami, Florida this ___5th___ day of NOVEMBER _____, 2002.

_____
STEPHEN T. BROWN
UNITED STATES MAGISTRATE JUDGE

c:  John Schlesinger, AUSA
    Joaquin Perez, Esq.
    Pretrial Services
    U.S. Marshal

NIGHT BOX
FILED

NOV 0 1 2002

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-7308-PRP

UNITED STATES OF AMERICA            )
                                    )
                                    )
                                    )
v.                                  )
                                    )
                                    )
                                    )
LIBARDO FLOREZ-GOMEZ                )
_____ )

<u>UNOPPOSED MOTION FOR CONTINUANCE OF PRELIMINARY HEARING</u>

The United States of America, by and through the undersigned Assistant United States Attorney, files this Unopposed Motion for Continuance of Preliminary Hearing for the above-captioned case, and states the following.

1. The  United States of America, by and through the undersigned Assistant United States Attorney, hereby moves for a continuance of the preliminary hearing in this case from November 6, 2002, to November 20, 2002, pursuant to Rule 5, <u>Fed</u>. <u>R</u>. <u>Crim</u>. <u>P</u>., and states the following in support hereof:

1. On October 23, 2002, the defendant Libardo Florez-Gomez made an initial appearance before the Court on a criminal complaint charging him with being an unlicenced money transmitter,

in violation of Title 18, United States Code, Section 1960.  A preliminary hearing was set for November 6, 2002 at 10:00 a.m.

2. In order to further investigate the instant case and to meet and confer with defense counsel regarding a possible pre-indictment disposition of this case, the government respectfully requests that the court continue the preliminary hearing date for 14 days, until Wednesday, November 20, 2002, at 10:00 a.m.

3. Pursuant to Rule 5, <u>Fed</u>. <u>R</u>. <u>Crim</u>. <u>P</u>., a preliminary examination may be continued with the consent of the defendant and upon a showing of good cause, taking into account the public interest in the prompt disposition of criminal cases.  In the instant matter, the defendant through counsel has agreed to the 14 day continuance of the preliminary hearing.  Moreover, this brief continuance of the preliminary hearing is in the interests of justice in that it will permit the parties to meet and discuss the case together and to consider a prompt and fair pre-indictment disposition of same.

4. Undersigned counsel has contacted Joaquin Perez, Esq., counsel for the defendant, who advises on behalf of the defendant that he does not oppose the relief requested herein.

**WHEREFORE**, pursuant to Rule 5, Fed. R. Crim. P., the United States respectfully moves that the preliminary examination hearing in this case be rescheduled for November 20, 2002.

Respectfully submitted,

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

By: _____
JOHN C. SCHLESINGER
ASSISTANT U.S. ATTORNEY
FL BAR #788716
99 N.E. 4th Street
Miami, FL 33132
(305) 961-9024
(305) 530-7087 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was mailed this _1st_ day of November, 2002, to: Joaquin Perez, Esq., 6780 Coral Way, Miami, FL 33155.

_____
JOHN C. SCHLESINGER
ASSISTANT U.S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. *02-7308-PALERMO*



UNITED STATES OF AMERICA,

vs.

## *LIBARDO FLOREZ-GOMEZ*

This cause came before the Court and pursuant to proceedings held, it is thereupon

**ORDERED AND ADJUDGED** as follows:

For good cause shown by the defendant, and with no objections from the Government, Pretrial Detention Hearing on the above named defendant (s) is hereby reset to _____*11-6-02*_____, at 10:00 a.m. before the Duty Magistrate.

**DONE AND ORDERED** at Miami, Florida this ___*25*___ day of ___*Oct*___, 2002.

TAPE NO:02 *E-15-1878*

_____
**PETER R. PALERMO**
**UNITED STATES MAGISTRATE JUDGE**

c: AUSA
   Defense Counsel
   Pretrial Services
   U.S. Marshal

CASE NUMBER _02-7308-PALERMO_

INTERPRETER REQUIRED IN CASE



FILED by _____ D.C.
MAG. SEC.

OCT 23 2002

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

FOREIGN LANGUAGE ___Spanish___

DEFENDANT(S)___LIBARDO FLOREZ GOMEZ_____

_____

_____

_____

koia.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO. _02-7308-PALERMO_

UNITED STATES OF AMERICA

          Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language _Spanish_
Tape No. 02E-_14-1841_
AUSA _John Delionado_
Agent _____

v.

LIBARDO FLOREZ GOMEZ
      Defendant.

DOB: 1-29-56   Reg# 69091-004

_____/

    The above-named defendant having been arrested on _10-22-02_ having appeared before the court for initial appearance on _____ 10-23-02 _____ and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon **ORDERED** as follows:

1. _Virginia Perez_ appeared as permanent/temporary counsel of record.
Address: _____
Zip Code: _____ Telephone: _____

2. _____ appointed as permanent counsel of record.
Address: _____
Zip Code: _____ Telephone: _____

3. The defendant shall attempt to retain counsel and shall appear before the court at 10:00 A.M. on _____, 2002.

4. Arraignment/Preliminary/Removal/Identity hearing is set for _10am_ _11-6-_, 2002.

5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _@ govt request_ _1:30_
A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _10am 10-25_, 2002.

6. The defendant shall be release from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142:

_____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:___times a week by phone, ___time a week in person;
    other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances prohibited by law.
___d. Maintain or actively seek full time gainful employment.



LIBARDO FLOREZ GOMEZ

___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.
___j. Comply with the following additional special conditions of this bond:
_____
_____

This bond was set: At Arrest _____
             On Warrant _____
             After Hearing _____

      If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is ___
_____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond.  Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions.  These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

      **DONE AND ORDERED** at <u>Miami, Florida</u>, this <u>  23RD  </u> day of <u>  OCTOBER  </u> 2002 .

                                          _____
                                          **UNITED STATES MAGISTRATE JUDGE**
                                          **PETER R. PALERMO**

c: Assistant U.S. Attorney
   Defendant
   Counsel
   U.S. Marshal

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____02-7308-PRP_____

UNITED STATES OF AMERICA

vs.

LIBARDO ERNESTO FLOREZ-GOMEZ,

      Defendant.

_____/

### CRIMINAL COVER SHEET

1.    Did this case originate from a matter pending in the United States Attorney's Office prior to April 1, 1999? _____ Yes __X__ No

2.    Did this case originate from a matter pending in the Central Region of the United States Attorney's Office prior to April 1, 1999? _____Yes __X__ No

                    Respectfully submitted,

                    MARCOS DANIEL JIMENEZ
                    UNITED STATES ATTORNEY

BY:

                    SETH ERIC MILES
                    ASSISTANT UNITED STATES ATTORNEY
                    Florida Bar Number 0385530
                    99 N. E. 4th Street
                    Miami, Florida   33132-2111
                    TEL (305) 961-9304
                    FAX (305) 530-7976



AO 91 (Rev. 5/85) Criminal Complaint   AUSA MILES

# United States District Court

## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

LIBARDO ERNESTO FLOREZ-GOMEZ

## CRIMINAL COMPLAINT

**CASE NUMBER:** 02 - 7308 - PRP

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about October 22, 2002, in Miami-Dade County, in the Southern District of Florida, and elsewhere:

> the defendant did knowingly conduct, control, and direct an unlicenced money transmitting business affecting interstate and foreign commerce, which was operated without an appropriate money transmitting license in Florida, a State where such operation is punishable as a misdemeanor or a felony under State law and failed to comply with the money transmitting business registration requirements under section 5330 of Title 31, United States Code, and regulations prescribed under such section, by transferring funds on behalf of the public within this country and to locations abroad, in violation of Title 18, United States Code, Section 1960.

I further state that I am a <u>Special Agent with the United States Customs Service</u>, and that this Complaint is based on the facts set forth in the attached Affidavit.

Norman Bright, Special Agent
United States Customs Service

SWORN TO BEFORE ME, AND SUBSCRIBED IN MY PRESENCE.

_____  at   Miami, Florida
Date                          City and State

PETER R. PALERMO
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer



## AFFIDAVIT

I, Norman Bright, having first been duly sworn, do hereby state and depose the following:

1.   I am employed as a Special Agent with the United States Customs Service, United States Department of the Treasury, Miami, Florida, and have been so employed since June, 1987.  I am currently assigned to the Financial Investigations Division.

2.   The following information is based on my personal knowledge and that of other law enforcement officials.  Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a complaint, it does not contain all of the information that I am aware of in connection with this case.

3.   On or about October 22, 2002, Customs Officials at Miami International Airport were conducting routine examinations of passengers arriving at Miami International Airport traveling on Avianca Airlines Flight # 006 from Bogota, Colombia.  Customs Officials referred Libardo Ernesto FLOREZ-GOMEZ for a secondary examination after he had indicated on his Customs form 6059B that he was transporting more than $10,000.00 in U.S. currency or its foreign equivalent.  On the same date, FLOREZ-GOMEZ filed Customs form 4790 in the amount of 182,000 in European Euros ($178,032.00 U.S. equivalent) and $1,000.00 in U.S. currency.  FLOREZ-GOMEZ further indicated on his Customs form 4790 that he was

1

transporting the money on behalf of his company Atlantic Importaciones, Carrera 23 #52-26, Officina 402, Bucaramanga, Colombia.

4. FLOREZ-GOMEZ was advised of his constitutional rights (Miranda warning),waived those rights in writing and agreed to speak with Customs officers. During the interview, after numerous changes to his story FLOREZ-GOMEZ admitted that earlier that day he had exchanged Colombian pesos for Euros at a Casa de Cambio in Colombia. FLOREZ-GOMEZ stated that he intended to transport the Euros the following day to Universal Cambios located in Miami, Florida. FLOREZ-GOMEZ further stated that the Euros were to be exchanged for U.S. dollars at Universal Cambios and then the money would be deposited into a U.S. bank account and the same funds would be wire transferred to various bank accounts for which he had no knowledge or control. FLOREZ-GOMEZ stated that he makes additional money exchanging currency in Colombia and transporting it to money exchange businesses in the U.S.

5. Based on the fact that when asked, FLOREZ-GOMEZ admitted he had no money transmitters license, U.S. Customs Officials seized the currency FLOREZ-GOMEZ was transporting for violations of 18 U.S.C. § 1960 and 31 U.S.C. § 5330, for failing to have obtained a money transmitters license in the State of Florida and

2

for failing to have registered with the Secretary of the Treasury as as a money transmitting business.

6.    The currency verification for the money FLOREZ-GOMEZ was transporting led to the seizure of approximately $179,032.00 in U.S. currency.

7.    Florida is a State where operating a money transmitting business without a license is punishable as a misdemeanor or a felony under State law, and FLOREZ-GOMEZ did not have a money transmitting license.

6.    FLOREZ-GOMEZ also failed to register his money transmitting business with the Secretary of the Treasury as required by Title 31, United States Code, Section 5330.

WHEREFORE, I submit that there is probable cause to believe that Libardo FLOREZ-GOMEZ did knowingly conduct, control, and direct an unlicenced money transmitting business, in violation of Title 18, United States Code, Section 1960.

FURTHER AFFIANT SAYETH NAUGHT.

Norman Bright / SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn to and subscribed before
me this _____ day of October, 2002.

PETER R. PALERMO
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES OF AMERICA )
            Plaintiff )
             )
_LIBARDO_ -vs- _FLOREZ GOMEZ_ )
             )
_____ )
            Defendant

CASE NUMBER: CR _02-7308 PALERMO_

REPORT COMMENCING CRIMINAL
ACTION

# 69091-004

**OCT 23 2002**

CLARENCE MADDOX
CLERK OF FLA DIST

**************************************************

TO: CLERK'S OFFICE  **MIAMI**    FT. LAUDERDALE    W. PALM BEACH
    U.S. DISTRICT COURT         (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES
       COURT ABOVE.
**************************************************

COMPLETE ALL ITEMS. INFORMATION NOT APPLICABLE ENTER N/A.

(1)    DATE AND TIME OF ARREST: _October 22, 2002  10:40_  a.m.(p.m.)

(2)    LANGUAGE(S) SPOKEN: _English + SPANISH_

(3)    OFFENSE(S) CHARGED: _18 USC   1960 FAILURE_
_UNLICENSED   MONEY   TRANSMITTER_

(4)    UNITED STATES CITIZEN:  ( )YES  (✓)NO  ( )UNKNOWN

(5)    DATE OF BIRTH: _1-29-56_

(6)    TYPE OF CHARGING DOCUMENT:  (CHECK ONE)
    [ ] INDICTMENT    [X] COMPLAINT    CASE #_____
    [ ] BENCH WARRANT FOR FAILURE TO APPEAR
    [ ] PAROLE VIOLATION WARRANT
    ORIGINATING DISTRICT: _South Florida_
    COPY OF WARRANT LEFT WITH BOOKING OFFICER?  [ ]YES  [ ]NO
AMOUNT OF BOND:$_Temporary Pre-Trial Detention_ WHO SET BOND? _Magistrate Peter Palermo_

(7)    REMARKS: _____

(8)    DATE: _10-22-02_  (9) ARRESTING OFFICER _NORM BRIGHT_

(10)    AGENCY _USCS_    (11) PHONE # _(305) 219-0577_

(12)    COMMENTS _____

_____